## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE GLENN TRIPLETT, | ) | |
| ID # 15692-064, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-1252-K (BH) |
| | ) | ECF |
| FEDERAL BUREAU OF PRISONS, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendants. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order No. 3-251, this case has been referred to this Court for screening and pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions.

### I. BACKGROUND

From November 2005 through June 15, 2007, Plaintiff Ronnie Glenn Triplett ("Plaintiff") worked as a prisoner law clerk in the law library at FCI Seagoville. (*See* Original Compl. ¶¶ 14-15, attached to Compl.) On June 15, 2007, a search of his work area at the library revealed legal materials belonging to other inmates (seven files concerning civil actions against the Federal Bureau of Prisons ("BOP") and others) and three books of two cent stamps; these items were confiscated. (*Id.* ¶ 24.) On June 16, 2007, Plaintiff received a written incident report alleging a violation of Code 305 – possession of unauthorized legal papers of another inmate.[1] (*Id.* ¶ 26.) In pertinent part, the incident report alleged:

> WHILE SHAKING DOWN THE CLERKS AREA OF THE LAW LIBRARY I DISCOVERED SEVERAL FOLDERS CONTAINING INMATE TRIPLETTS [sic] LEGAL WORK. AS I BEGAN SEARCHING THROUGH THE NUMEROUS

---

[1] The incident report also alleged a violation of Code 408 (conducting a business), but that violation was overturned on appeal, and is not at issue in this case.

FOLDERS, I DISCOVERED SEVERAL OTHER INMATES [sic] LEGAL WORK . . . ONE OF THE INMATES [sic] PAPERWORK . . . THAT INMATE TRIPLETT APPEARED TO BE WORKING ON IS HOUSED AT THE CAMP, WHICH WOULD LEAVE INMATE TRIPLETT IN POSSESSION OF ANOTHER INMATES [sic] LEGAL WORK ON A FULL TIME BASIS.

(*See* Incident Report attached to Compl.)

On or about June 20, 2007, Plaintiff was found guilty at a disciplinary hearing, and was sanctioned by the loss of (1) preferred housing; (2) thirty days commissary and telephone privileges; and (3) his job as law clerk. (*See* Original Compl. ¶ 27.) Plaintiff maintained that it was completely permissible for him to possess legal materials belonging to other inmates within the confines of the law library, and that the Code 305 violation was mistakenly premised on a belief that the legal documents, all captioned with "John Beaird, et al." as plaintiffs, belonged to Mr. Beaird, rather than the other plaintiffs in the action.[2] (*Id.* ¶¶ 27-28.) Plaintiff obtained no relief through the administrative review process, (*id.* ¶¶ 30-32), and he was ultimately transferred to his place of current incarceration, FCI Texarkana, (*see* Compl. at 1).

In June 2008, Plaintiff filed the instant civil action against the BOP, the Warden of FCI Seagoville, and other federal employees in both their individual and official capacities for their roles during the disciplinary proceedings at FCI Seagoville. (*See id.* at 1-4; Attachment A to Compl.; Original Compl. ¶ 9.) According to Plaintiff, he was sanctioned for conduct that was not prohibited by any policy and that was regularly practiced by other inmates, and the defendants violated his Fifth

---

[2] Beaird and several other Seagoville inmates pursued an action against the BOP, the United States, Alberto Gonzales, and numerous individuals associated with FCI Seagoville. After that action was transferred to this Court in April 2006, the Court dismissed the action without prejudice and directed each individual plaintiff to file a separate action. *See Beaird v. Lappin*, No. 3:06-CV-0967-L (N.D. Tex. July 24, 2006) (Mem. Op. & Order). Beaird was lead plaintiff and allegedly drafted all filings in the combined action, but was transferred from the main Seagoville facility before the Seagoville inmates received the July 24, 2006 order. Consequently, seven inmates came to Plaintiff for legal assistance in filing their new complaints, and he kept their files in the law library.

2

Amendment right to due process[3] when they failed to provide him with fair warning and prior notice that the conduct was prohibited. (Original Compl. ¶¶ 10, 36-56.) He contends that defendants abused their discretion and acted arbitrarily and capriciously when they failed to consider dispositive factors, relied on erroneous assumptions, and failed to articulate a rational relationship between the facts and their decision. (*Id.* ¶ 55. Compl. at 4.) Plaintiff brings suit pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and he seeks declaratory, injunctive, and monetary relief. (*Id.*; Original Compl. ¶¶ 52-54, 57-58.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee or officer of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts

---

[3] Plaintiff is clear in his complaint that he only raises claims based upon substantive and procedural due process. He specifically denies that his claims arise as a tort under 28 U.S.C. § 1346. (*See* Compl. at 3.) He further denies that he pursues a claim based upon retaliation, and indicates that he has not exhausted such claim. (*See* Original Compl. ¶ 35.)

3

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. *BIVENS*

Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff seeks relief against defendants for their roles in the disciplinary proceedings that resulted in his loss of preferred housing, commissary and telephone privileges, and prison job.

In *Bivens*, the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court pursuant to 28 U.S.C. § 1331, the statute that provides for federal question jurisdiction. "*Bivens*, of course, is the counterpart to 42 U.S.C. § 1983," and it extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). Consequently, to state a viable claim under *Bivens*, a plaintiff must show that a defendant has deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Cf. Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (stating that 42 U.S.C. § 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States").

Although lawful incarceration results in the loss of many rights and privileges that most citizens enjoy, prisoners may retain some liberty interests that are protected by the due process clause. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). These liberty interests are generally limited to matters which affect the amount of time serv-

ed by a prisoner, such as lost good-time credits and eligibility for mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison*, 104 F.3d at 767.

In this case, Plaintiff has alleged no loss of good-time credits as punishment for his disciplinary infraction or any matters that could definitively affect the amount of time he must serve. Rather, he contends that he lost preferred housing, commissary and telephone privileges, and his prison job as a direct result of the disciplinary proceedings against him. More specifically, he asserts that the disciplinary proceedings violated his procedural and substantive due process rights because the result adversely affects or diminishes his ability to obtain parole for a state charge that he is concurrently serving with his federal conviction, thus creating a liberty interest that is protected by due process.

The due process clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *See Sandin*, 515 U.S. at 478. Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *See id.* at 486; *Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. A possible adverse effect on parole considerations for Plaintiff's state conviction is too speculative to create a liberty interest. *See Sandin*, 515 U.S. at 487. Additionally, due process protections are not invoked by a thirty-day loss of commissary privileges, *Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768, or a temporary or short-term loss of telephone privileges, *see Boriboune v. Litscher*, 91 Fed. App'x 498, 500 (7th Cir. 2003); *Aybar v. Gunja*, No. 4:08- CV-0286, 2008 WL 2323774, at *3 (N.D. Ohio June 4, 2008); *Mays v. Reese*, No. 5:04-CV-220-DCB, 2006 WL 3877391, at *2 (S.D. Miss. July 18, 2006) (recommendation of Mag. J.), *adopted by* unpub. order (S.D. Miss. Jan. 5,

2007). "Inmates have no constitutional right to be housed in a particular prison facility, *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000), and preferred housing is not an interest protected by due process, *see Taylor v. Jagers*, 115 Fed. App'x 682, 684 (5th Cir. 2004); *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988); *O'Callaghan v. Anderson*, 514 F. Supp. 765, 768 (M.D. Pa. 1981). Finally, "[i]nmates have no protectable property or liberty interest in custodial classifications", *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999), and prison employment is not protected by due process, *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Dudgeon v. Frank*, No. 04-75, 2004 WL 1196820, at *3 (W.D. Wis. May 26, 2004). In short, the disciplinary restrictions imposed on Plaintiff are typical deprivations that are not protected by due process.

Because Plaintiff complains about prison conditions that are far from extraordinary, he has alleged no due process violation that entitles him to relief under *Bivens*.[4] Consequently, his *Bivens* claims should be dismissed.

## IV. APA

Plaintiff also sues the BOP, the Warden at FCI Seagoville, and several other individual defendants in both their official and individual capacities under the APA. Although he seeks judicial review under the APA, he also specifically seeks declaratory, injunctive, and monetary relief under the APA.

Section 702 of Title 5 of the United States Code provides a right of review for persons

---

[4] *Bivens* provides no basis for relief directly against the BOP or the United States. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Gibson v. Fed. Bureau of Prisons*, 121 Fed. App'x 549, 551 (5th Cir. 2004). Consequently, Plaintiff's *Bivens* claim against the BOP fails to state a claim upon which relief can be granted independent of the due process analysis. Likewise, because Plaintiff's claims against the individual defendants in their official capacities are simply claims against the United States, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985), the official capacity claims necessarily fail to state a claim under *Bivens*, *see Gibson*, 121 Fed. App'x at 551.

"suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." Judicial review under the APA is limited to "[a]gency action made reviewable by statute and final agency action for which there is no adequate remedy in a court." 5 U.S.C. § 704. In addition, the federal courts have no jurisdiction to review agency action when (1) a statute precludes judicial review or (2) "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Furthermore, although there is a "'strong presumption' that Congress intends that the federal courts review agency action", such presumption may be rebutted by a proper showing by the defendant. *Lundeen v. Mineta*, 291 F.3d 300, 305 (5th Cir. 2002).

When applicable,[5] the APA provides a means to obtain non-monetary relief against the United States, a federal agency, or a federal officer acting in an official capacity. *Lane v. Pena*, 518 U.S. 187, 196 (1996); *Califano v. Sanders*, 430 U.S. 99, 105 (1977); *Lundeen*, 291 F.3d at 311 n.41. Proper defendants in an APA action are the United States, the government agency that took the action for which review is sought, or the appropriate officer of such agency. *See* 5 U.S.C. § 703. Because the APA does not provide for individual-capacity claims or money damages, the Court should dismiss those claims. Furthermore, because the official capacity claims against the federal officers are merely another way of pleading an action against the United States, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985), *Bryant v. Ashcroft*, No. 5:04-CV-062-J, 2004 WL 1283947, *2 (N.D. Tex. June 10, 2004); *Anderson v. Pratt*, No. 3:02-CV-455-L, 2002 WL 1159980, at *3 n.3

---

[5] Courts disagree about the applicability of the APA to prison disciplinary proceedings commenced by the BOP. *Compare White v. Henman*, 977 F.2d 292, 294 (7th Cir. 1992) (concluding that the APA applies because the BOP is an agency within the meaning of the APA) *with Clardy v. Levi*, 545 F.2d 1241, 1243-46 (9th Cir. 1976) (concluding that the APA does not apply to prison disciplinary proceedings). In an unpublished opinion which relies on a habeas case involving the APA, the Fifth Circuit assumed arguendo that the APA applies to the BOP in the disciplinary context. *See McGlinchey v. United States*, 996 F.2d 306, 306, 1993 WL 241793, at *2 (5th Cir. 1993) (per curiam).

(N.D. Tex. May 29, 2002) (accepting recommendation of Mag. J.), and because the APA claims against the BOP essentially duplicate claims against the United States, the Court should dismiss the claims against the individual federal officers, and consider the remaining APA claims to be asserted only against the BOP. *Cf. Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (recognizing that the district court appropriately dismisses claims against individual defendants when the claims merely duplicate claims against the governmental entity).

## V. RECOMMENDATION

The District Court should **DISMISS** Plaintiff's *Bivens* claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because Plaintiff has failed to state a claim upon which relief can be granted. The District Court should also **DISMISS** Plaintiff's APA claims against all defendants other than the Federal Bureau of Prisons. Because this recommendation does not dispose of all claims, the action should remain open and should be returned to the Magistrate Judge for further proceedings consistent with Special Order No. 3-251.

**SIGNED this 9th day of September, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on Plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE